## Kenzakoski v. Black Creek Improvement Co.

Before Aponick, P. J., Flannery and Lewis, JJ.

*George L. Fenner, Jr.,* for plaintiff.

*Frank J. Gormley,* for defendant.

LEWIS, J., February 6, 1961.—This matter comes before us on plaintiff's preliminary objections to defendant's answer.

The action is in ejectment and is brought to recover possession of certain lands situate in Hazle Township, Luzerne County, the right to which is alleged by plaintiff to be founded in a deed of the Tax Claim Bureau of Luzerne County to him, dated November 21, 1959, and recorded in the office of the Recorder of Deeds of Luzerne County in deed book, vol. 1444, at page 305.

An examination of the pleadings leads to a clear conclusion that the defense is essentially based upon the alleged illegality of the proceedings involved in the tax sale.

Plaintiff's preliminary objection to the answer reads as follows:

"1. The Answer of the Defendant contains an affirmative defense or defenses which should have been pleaded under 'New Matter' in accordance with Penna. Rule of Civil Procedure No. 1030. The Answer sets forth facts in support of this affirmative defense, but only in the paragraphs purporting to be answers to the facts set forth by the plaintiff, and by failing to set forth its affirmative defense and the facts supporting it under the heading 'New Matter,' the plaintiff has

been deprived of the opportunity of filing a Reply either admitting or denying the defendant's allegations."

Pennsylvania Rule of Civil Procedure 1030 specifically requires that the defense of illegality shall be pleaded in a responsive pleading under the heading "New Matter."

It is, therefore, apparent that plaintiff's preliminary objection is technically well founded. However, we cannot see that he has been prejudiced by defendant's action.

His objection indicates that he has been deprived of the opportunity of filing a reply either admitting or denying the defendant's allegations. "Since no responsive pleading is required to the defense when pleaded in this manner, the defense is deemed denied": 2A Anderson Pa. Civ. Pract. page 280. Moreover, if, as suggested by plaintiff, he wishes to test the legal sufficiency of the defense by admitting the allegations contained therein, the procedure is available to him in the provisions of Pa. R.C.P. 1017(a), providing for a motion for judgment on the pleadings.

A similar pleading of the statute of frauds was considered by this court in Bavitz v. Stryjak, 46 Luz. 175, and the preliminary objection was overruled.

Now, therefore, plaintiff's preliminary objection to defendant's answer is overruled.